**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Debtor-in-Possession
Chino Central Group, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>CHINO CENTRAL GROUP, LLC,<br><br>Debtor in Possession. | Case No.: 8:26-bk-10925-SC<br><br>Chapter: 11<br><br>**NOTICE OF DEBTOR'S APPLICATION TO EMPLOY KW COMMERCIAL – SWH REAL ESTATE GROUP AND JONES LANG LASALLE AMERICAS, INC., AS REAL ESTATE BROKERS AND SALES AGENTS PURSUANT TO 11 U.S.C. §§ 327(A) AND 328**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1) and 9013-1(o)] |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that Chino Central Group, LLC, the debtor and debtor-in-possession (the "**Debtor**"), has filed an Application to Employ KW Commercial – SWH Real Estate Group ("**KW**") and Jones Lang Lasalle Americas, Inc. ("**JLL**" and, together with KW, the "**Brokers**"), as its real estate brokers and sales agents (the "**Application**") pursuant to 11 U.S.C. §§ 327(a) and 328. Vineyard Village Group, LLC ("**Vineyard Village**" and, together with the Debtor, the "**Sellers**"), the owner of a 34.09% interest in the real property as a tenant in common, has also signed the Brokers' listing agreement and is supportive of a sale. A summary of the relief sought is as follows:

## BACKGROUND

On March 24, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case. The Debtor is operating as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case and no official committees have been appointed or designated. This case constitutes a single asset real estate case. Postpetition, Howard Grobstein was appointed as the manager of the Debtor.

The Debtor is a co-owner of the Chino Towne Center, a shopping center located at 12125 Central Avenue, Chino, CA 91710 (the "**Property**"). The Detor owns a 65.91% interest in the Property and Vineyard Village Group, LLC, holds the remainder. Title is held as tenants in common. Prepetition, the Debtor and Vineyard Village Group, LLC, shared an asset manager, Continuum Analytics. The Debtor no longer has any affiliation with Continuum Analytics. In February 2025, Preferred Bank, which was then the senior lender, obtained an appraisal of the Property that appraised it as having an as-is value of approximately $29 million. The Brokers have conservatively estimated the range of value of the Property at between $23.5 million and $26.5 million. The Brokers believe that it is realistic to have a stalking horse bid within a couple of months of listing and marketing the Property.

The Property is encumbered by liens in favor of Western Alliance Bank and Nano Banc in the total estimated amount of approximately $19.1 million. Both owners are liable on these loans. There is a third lien of record in favor of Cantor Group V, LLC, another entity that was under the control of Continuum Analytics, that is disputed and which was pledged as collateral by Cantor Group V, LLC to WAB in connection with the loan that is part of the bank fraud charges against Mr. Makhijani. A review of the Debtor's bank records does not reflect any deposits by Cantor Group IV (which assigned the lien to Cantor Group V) around the time that the lien was recorded. The Debtor is currently working with the receiver who has been appointed over Cantor Group V to share information to determine the validity of this lien and others against others of the chapter 11 debtors. The Debtor suspects that the lien was fraudulently placed by Continuum Analytics as part of a fraud against Western Alliance Bank. In addition, the Property has defaulted property tax payments that will need to be made when the Property is sold, currently estimated at about $743,000.

## PROPOSED EMPLOYMENT AND THE BROKERS' QUALIFICATION

### A. Proposed Terms of Employment

The terms of the Brokers' engagement are set forth the Exclusive Real Estate Sale Listing Agreement (the "**Listing Agreement**") that is attached to the Application as **Exhibit 2**. The Brokers will have the exclusive right to sell the Property for a period of six months, subject to extension by written agreement. Any commission payable under this Agreement shall be due and payable only upon the closing of a sale of the Property. The Brokers will receive a listing-side commission of two and one-half percent (2.5%) of the final gross sale price, paid through escrow at closing. The commission payable to the Brokers will be split equally on a 70/30 basis, with JLL receiving seventy percent (70%) and KW receiving thirty percent (30%). In addition, the Brokers will receive an expense reimbursement of up to $50,000.00 for reasonable and documented expenses in connection with the marketing and sale of the Property. The expenses will not exceed $50,000.00 absent approval by the Sellers. If the Property is not sold or if the Brokers are replaced, the Brokers will be entitled to reimbursement for the expenses incurred, with the Debtor to be allocated 65.91% and Vineyard Village to be allocated 34.09%. The terms and conditions of the Listing Agreement were negotiated by the Debtor and the Brokers at arm's length and in good faith, and the

Debtor believes that the compensation to the Brokers in the present case appropriately reflects the nature and scope of the services to be provided by Brokers and is reasonable and consistent with the terms available in the marketplace.

The Debtor recognizes that in the ordinary course of their business, the Brokers do not record the time spent by their professionals on specific tasks or projects, and the compensation provided under the Listing Agreement is not tied to the total time spent by the Brokers' professionals providing services to the Debtor. Consequently, the Debtor requests that the Brokers be excused from any obligation to maintain or file time records in this case and the obligation to file a fee application to obtain payment, with the understanding that the transaction on which the Brokers' commission will be based remains subject to approval by the Bankruptcy Court. Notwithstanding the foregoing, while this Bankruptcy Case remains open, the Brokers shall preserve any records it prepares in the ordinary course of business that reflect the services rendered to or for the benefit of the Debtor.

**B. <u>The Brokers' Qualifications</u>**

The Debtor seeks to retain two broker teams who will work together. The team for KW Commercial SWH Group has a significant depth of experience with sales in the bankruptcy context, which differ from traditional sales because of the limited representations and warranties that can be given, the overbid and auction process, and the need for Court approval of a sale. They will handle the insolvency-related aspects of the sale transaction, and JLL will utilize its expertise in retail properties. The Sellers also benefit because each of the Broker teams has their own databases, so the Property will be widely exposed to the market.

**1. <u>SWH Real Estate Group, Agent for KW Commercial</u>**

David Weinberger is a California-licensed real estate broker who serves as President and Partner of SWH Fiduciary Real Estate Group ("**SWH**"), a specialized brokerage that exclusively represents fiduciaries in matters involving real property. For more than three decades, SWH has earned a reputation as the authority in court-supervised and fiduciary real estate transactions, representing court-appointed fiduciaries in receiverships, partition actions, insolvency cases, probate, trust, and divorce matters. His colleague, Megan Husri, is a California-licensed real estate broker who serves as Executive Vice President of SWH.

**2. <u>JONES LANG LASALLE AMERICAS, INC.</u>**

Daniel Tyner is a Managing Director in the Orange County office of JLL. He focuses on retail investment advisory transactions in the western United States. Mr. Tyner joined HFF in 2017 and was a part of the merger with JLL in 2019. Mr. Tyner specializes in advising clients in the disposition of shopping centers and has been involved in 200+ transactions totaling over $2.5B in transaction volume since 2015.

Gleb Lvovich is a managing director in the Orange County office of JLL Capital Markets, Americas. He has more than 14 years of experience in commercial real estate. He focuses primarily on retail investment advisory transactions throughout the western United States and has been instrumental in the disposition of more than $5 billion in transactions throughout his career. Gleb started at HFF in August 2015. Before that, he worked as director of CBRE's National Retail Investment Group West Coast team. The group consisted of 10 teams of senior real estate professionals and accounted for the majority of CBRE's retail investment sales revenue.

Geoff Tranchina is a retail investment sales lead based in the Los Angeles office of JLL Capital Markets, Americas. He is focused on institutional investment sales, JV equity and complex structured transactions in the Western part of the United States. With over 16 years

of experience, Geoff has completed 150+ transactions valued in excess of $3 billion. Before joining JLL, Geoff led the capital markets practice at Wilson Retail Group prior to its acquisition by JLL in 2015. Prior to that, Geoff served as vice president for Sperry Van Ness in Los Angeles, specializing in the sale of retail properties and land development in Southern California. Geoff left SVN in 2008 as a top ten agent in the company.

In addition, JLL has extensive experience working efficiently with debtors in possession and their other retained professionals. JLL professionals have been retained as real estate brokers or advisors in numerous matters, including, among others: *In re SilverRock Development Company, LLC,* Case No. 24-11647 (Bankr. S.D.N.Y.) [Docket No. 312]; *In re the College of Saint Rose*, Case No. 24-11131 (Bankr. N.D. N.Y.) [Docket No. 98]; *In re Stanadyne LLC et al.*, Case No. 23-10207 (TMH) (Bankr. D. Del.) [Docket No. 439]; *In re Lighthouse Resources, Inc. et al.*, Case No. 20-13056 (JTD) [Docket No. 155], *In re Pier 1 Imports, Inc., et al.,* Case No. 20-30805 (KRH) (Bankr. E.D. Va.) [Docket No. 899]; *In re Celadon Grp., Inc., et al.*, Case No. 19-12606 (KBO) (Bankr. D. Del.) [Docket No. 706]; *In re Sears Holdings Co., et al.*, Case No. No. 18-23528 (RDD) (Bankr. S.D.N.Y.) [Docket No. 1390]; and *In re SFX Entm't, Inc.*, Case No. No. 16-10238 (MFW) (Bankr. D. Del.) [Docket No. 647].

JLL's depth of experience in property management, marketing, and brokerage services makes JLL well qualified to deal effectively with the issues that may arise in the context of this Bankruptcy Case.

As set forth in detail in the Application, the Brokers are disinterested and neither holds or represents an interest adverse to the Debtor's estate.

**C. <u>Additional Provisions in the Listing Agreement</u>**

In addition, section 19 of the Listing Agreement provides waivers of claims for damages against the Brokers except in cases of gross negligence and willful misconduct and limits the Brokers' overall liability, except in cases of gross negligence and willful misconduct, to the amounts to be paid to the Brokers under the Listing Agreement.

Finally, sections 13.F and 20 of the Listing Agreement require the Debtor to indemnify the Brokers, stating as follows:

> 13. F. Sellers shall indemnify, defend, and hold harmless Listing Brokers from and against any and all claims, losses, damages, liabilities, costs, and expenses, including reasonable attorneys' fees, arising out of or relating to the Physical Conditions, Sellers' title to the Property, the marketability of title, or any information provided by or on behalf of Sellers to Listing Brokers or prospective purchasers, except to the extent caused by Listing Brokers' gross negligence or willful misconduct.
>
> 20. Indemnification. Subject to Bankruptcy Court approval, Sellers shall indemnify, defend, and hold harmless Listing Brokers and their respective officers, directors, employees, agents, representatives, affiliates, and advisors from and against any and all losses, claims, damages, liabilities, costs, and expenses, including reasonable attorneys' fees and legal expenses, arising out of or relating to: (i) Sellers' material breach of this Agreement; (ii) the fraud, gross negligence, willful misconduct, or material omissions of Sellers or Sellers' officers, directors, members, employees, agents, representatives, or advisors; (iii) the ownership, operation, condition, occupancy, use, maintenance, environmental condition, or sale of the Property, except to the extent caused by Listing Brokers' gross

> negligence or willful misconduct; and (iv) any claims for fees, commissions, or other compensation asserted by Sellers' prior real estate brokers, representatives, agents, consultants, or other third parties. Listing Brokers shall indemnify, defend, and hold harmless Sellers from and against any and all losses, claims, damages, liabilities, costs, and expenses, including reasonable attorneys' fees and legal expenses, arising out of or relating to: (i) Listing Brokers' material breach of this Agreement; or (ii) the fraud, gross negligence, or willful misconduct of Listing Brokers or their respective officers, directors, employees, agents, representatives, or advisors.

Listing Agreement, §§ 13.F, 20.

The limited waiver and limitations of liability, and indemnification provisions in sections 13.F., 19 and 20 of the Listing Agreement were negotiated at arm's length and in good faith and are customary and reasonable for the Brokers and comparable firms providing real estate brokerage services. Consequently, the Debtor requests that these provisions be approved in connection with the retention of the Brokers and the approval of the Listing Agreement.

**FOR FURTHER INFORMATION**, please see the Application that is on file with the Court or available by contacting the undersigned counsel.

**PLEASE TAKE NOTICE that any opposition and request for a hearing must be filed with the Court and served on counsel for the Debtor and on the Office of the United States Trustee within fourteen (14) days of service of this Notice if you were served electronically or seventeen (17) days if you were served with this Notice electronically. Failure to timely file and serve an opposition may be deemed by the Court to be consent to the granting of the relief sought in the Application.**

Dated: August 26, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Counsel for Chino Central Group, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF DEBTOR'S APPLICATION TO EMPLOY KW COMMERCIAL – SWH REAL ESTATE GROUP AND JONES LANG LASALLE AMERICAS, INC., AS REAL ESTATE BROKERS AND SALES AGENTS PURSUANT TO 11 U.S.C. §§ 327(A) AND 328** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 26, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 26, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 26, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Personal Service**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 26, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **Amir Gamliel** amir.gamliel@ashurstperkins.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Craig S Ganz** ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Eric D Goldberg** eric.goldberg@us.dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **David M Goodrich** dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Shane J Moses** smoses@foley.com, llanglois@foley.com;lanii-langlois-4514@ecf.pacerpro.com
- **Stephen M. Mott** smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **Michael S Myers** myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **David M Poitras** dpoitras@bg.law
- **David M Riley** david.riley@us.dlapiper.com, davidzriley@gmail.com;DLAPiper@ecfxmail.com
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Daren M Schlecter** daren@schlecterlaw.com, assistant@schlecterlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com

2. **SERVED BY UNITED STATES MAIL:**

20 Largest Unsecured Creditors

Vierergruppe Management Inc.
1932 East Deere Avenue
Suite 150
Santa Ana, CA 92705

Joses Nuevo Landscaping LLC
3857 Birch Street Suite 209
Newport Beach, CA 92660

Waste Management
AS Payment Agent
PO Box 541065
Los Angeles, CA 90054-1065

Camacho, Moises
5590 W. Mission Blvd.
Ontario, CA 91762

Chino, City of
P.O. Box 667
Chino, CA 91708-0667

VSS Electric, Inc.
1890 Trotter Trail
Norco, CA 92860-2877

Sain Builders
147 Hart Bench Rd
Darby, MT 59829

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

Trend Systems Group
2126 S. Standard Avenue
Santa Ana, CA 92707

Dominion Disposal
1536 E. Pinewood Ave
Anaheim, CA 92805

10perature Heating and
Air Conditioning
12822 Gilbert St. #B
Garden Grove, CA 92841

Executive Lighting & Electric
1141 North Cosby Way, Ste A
Anaheim, CA 92806